QUESTIONS:
1. Would it be proper for a property appraiser, in situations where there is insufficient market activity on similar properties to establish a market value for such properties (as where similar properties are not commonly bought and sold), to reassess a particular piece of property on which a verified sale has occurred by applying the following formula to the property sold:
 Net Sales Price + Previous Assessed Value/2 = New Assessed Value?
2. Where a single verified sale has occurred on property which is not commonly bought and sold, may the property appraiser in his discretion use net sales price alone to reassess that particular property?
SUMMARY:
A formula which derives just value by averaging the net sales price of a verified sale of property which is not commonly bought and sold and the previous year's assessed value would not legally comply with the requirements of s. 193.011, F. S. 1977. Net sales price alone of a verified sale may not be utilized as constituting just value where similar property is not commonly bought and sold, since utilization of net sales price without considering and weighing other factors would not legally comply with the requirements of s. 193.011. Just value is to be determined by giving careful consideration to each of the factors contained in s. 193.011 and by giving such weight to a factor as a particular factual situation may justify.
We must approach the questions presented with the view that `the appraisal of real estate in an art, not a science,' Powell v. Kelley, 223 So.2d 305, 309 (Fla. 1969), and that `the tax assessor is, of necessity, provided with great discretion due to the difficulty in fixing property values with certainty.' District School Board of Lee County v. Askew, 278 So.2d 272, 276 (Fla. 1973). Additionally, in Osborne v. Yeager, 155 So.2d 742, 743 (2 D.C.A. Fla., 1963), it was noted:
 For purposes of taxation, the value of property is determined by taking into account all favorable and unfavorable circumstances that would control the admeasurement of its present market value were it placed on the market to be sold by the owner. If similar property is commonly bought and sold, the price which it brings is the best test of value. But where an established market is nonexistent, the process of valuation must comprehend not only one but all of the influencing factors going to make up the intrinsic value. Formulae may be authorized as a detail of the method of arriving at the ultimate conclusion as to value, but valuation for tax purposes does not depend on matters of formulae alone.
Finally, in Lanier v. Walt Disney World Company, 316 So.2d 59, 62
(4 D.C.A. Fla., 1975), it was noted:
 In discussing the factors as set forth in F. S. 193.011 the assessor was of the opinion that he was not obliged under the law to give each factor equal weight. The court agrees with this interpretation provided each factor is first carefully considered and such weight is given to a factor as the facts justify.
With these factors in mind, it can readily be seen that the above two questions must be answered in the negative. While this office is not qualified to render advice on the art of real estate appraising, the formula stated in question 1 and the use of net sales price alone in question 2 are legally insufficient to constitute compliance with the mandate of s. 193.011, F. S., as amended by Ch. 77-363, Laws of Florida, which delineates the factors which must be taken into consideration in deriving the just valuation of a parcel of real property. Additionally, the methods of valuation comprehended by questions 1 and 2 run afoul of the general principles as to evaluation enunciated in the above-cited case of Osborne v. Yeager, supra. See also
Hillsborough County v. Knight and Wall Company, 14 So.2d 703 (Fla. 1943).
This method of achieving just valuation on parcels of real property is statutorily delineated in s. 193.011, F. S. 1977, and such factors must be considered and weighed according to the factual situation presented. Lanier v. Walt Disney World Company,supra.
Prepared by: Harold F. X. Purnell Assistant Attorney General